UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN HARPER and LANA KUDINA,

       Plaintiffs,

    v.

MARK BUSH and PYRAMID HOMES
INCORPORATED,

       Defendants.

Case No. C08-5154FDB

ORDER DENYING PLAINTIFF'S
MOTIONS TO IMPEACH
ATTORNEY ALBERT
SCHLOTFELDT and DENYING
PLAINTIFFS' MOTION TO STRIKE
DEFENDANTS' RESPONSE

       Plaintiffs have filed two motions to "impeach" Defendants' attorney based on the "lawyer-witness" rule, citing "CR 43(K) and "DR 5-102(A).  Plaintiffs assert that "Mr. Schlotfeldt knows some facts that are at issue in this litigation and may be prejudicial to his clients." [Dkt. # 9 and # 15]

       Defendants respond opposing Plaintiffs' motion referencing Washington Civil Rule 43(k) concerning juror questions for witnesses, which is inapplicable.  Defendants also argue that Model Disciplinary Rule 5-102 concerning withdrawal of counsel when the lawyer becomes a witness (inapplicable because Washington has adopted the Rules of Professional Conduct) does not provide for an adverse party to "impeach" opposing counsel.  Rather, the rule requires the lawyer to

ORDER - 1

withdraw if "it is apparent that his testimony is or may be prejudicial to his client."  Here, Defendants

contend that "Pyramid's counsel does not expect to provide any testimony, much less testimony that

would be prejudicial to Pyramid.  Defendants also contend that service was untimely.      Plaintiffs

reply that they "do not recognize the signature of the person who signed Defendant's response."

The signature block bears a signature "for" Albert F. Schlotfeldt.  Citing Fed. R. Civ. P. 11(a)

concerning the need for the signature of at least one attorney of record, Plaintiffs argue that the

"unsigned" response must be stricken.  Plaintiffs clarify that they reference Local Rul CR 43(k)

concerning an attorney as a witness not being allowed to argue the case except by consent of the

opposite party and the permission of the court.

There is no adequate showing that Defendants' counsel Albert F. Schlotfeldt must be

precluded from acting as defendants' attorney in this case, as there is no showing that he will be a

witness herein.  The remaining arguments do not address the substance of the Plaintiffs' motion.

ACCORDINGLY, IT IS ORDERED:

1.  Plaintiffs' Motions to Impeach [Dkt. #s 9 and 15] are DENIED.

2.  Plaintiffs' Motion To Strike Defendants' Response to Plaintiff's Motions to Impeach

[Dkt. # 14] is DENIED.

DATED this 29th day of May, 2008.

_____

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2