UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN HARPER and LANA KUDINA,

Plaintiffs,

v.

MARK BUSH and PYRAMID HOMES INCORPORATED,

Defendants.

Case No. C08-5154FDB

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND FOR SANCTIONS

## INTRODUCTION

Plaintiffs bring their "Civil Action Under Fair Housing Law, 42 U.S.C. 3601-3619" for violation of the Federal Fair Housing Act 42 U.S.C. § 3604(a), (e)and (d) and § 1983; the Civil Rights Act of 1866 (14 U.S.C. § 1982);  Washington's Civil Rights law concerning purchase of a dwelling under RCW 49.60.030(b)(c) and (f), Washington Real Estate Transactions, RCW 49.60.222(a) – (f); and for negligence.  Plaintiffs bring these causes of action "for discrimination against Russian American on the basis of national origin (spoken accent), familial status, steering, in the purchase of housing." (Complaint, p. 1) Plaintiffs seek actual damages of $47,260.00; compensatory damages of $230,000.00; punitive damages of $410,000.00; and emotional distress damages of $100,000.00.

This case arises from Plaintiffs' March 17, 2006 offer to purchase a home site in a residential development called Lincoln Meadows, where Pyramid Homes was the required builder for the development.  Plaintiffs tendered their offer for Lot # 6, with five conditions.  (Def. Memo, Ex. 1) Pyramid did not accept Plaintiffs' offer nor sign or initial any documents.  On the same day, March 17, 2006, Pyramid received a competing offer that it deemed superior (for full price and with one of Pyramid's standard home design plans). ( *Id.*, ex. 14) On March 20, 2006, when Plaintiffs met with Pyramid, Pyramid explained to Plaintiffs that a competing offer had been accepted.  *Id.*

ORDER - 1

The contentions underlying this case have an extensive history in other courts. On May 8, 2006, Plaintiffs filed a complaint in Clark County Superior Court against Coldwell Banker Barbara Sue Seal Properties and later added Pyramid Homes, Inc. as a co-defendant. Plaintiffs alleged Conspiracies in Restraint of Trade in violation of RCW 19,86.030, Discriminatory Housing Practices in violation of RCW 49.60.030, and the U. S. Constitution and sought $541,000.00 in compensatory damages against Pyramid and $1,430,000.00 in combined punitive damages. Plaintiffs made several procedural moves (including a motion for default and filing lis pendens against ten lots within the subdivision that contained Lot # 6). Clark County Superior Court Judge Barbara Johnson removed the lis pendens liens and granted Pyramid's request for attorneys' fees and costs. Thereafter, on December 22, 2006, Clark County Superior Court Judge Robert Harris denied the motion for default and granted summary judgment over Plaintiffs' opposition, including Plaintiffs' motion to remove to United States District Court for the District of Oregon, Plaintiffs' motion to recuse Judge Robert Harris, and Plaintiffs' request for a continuance on their assertion that they could not adequately understand the English language. (Ex. 21) Judge Harris also granted attorneys fees and costs. Satisfaction of Judgment was entered on July 9, 2007.

On the attempt to remove the matter to the United States District Court for the District of Oregon, Magistrate Judge James Hubel issued findings and a recommendation that Defendants' Motion to Remand and that attorneys fees and costs be granted, to which Plaintiffs filed objections and a second amended complaint asserting $3,300,000.00 in compensatory damages and $10,200,000.00 in punitive damages. On December 19, 2006, U.S. District Judge Anna Brown adopted the Magistrate Judge's Findings and Recommendations, and granted Pyramid's request for attorney's fees and costs.

Plaintiffs next appealed Judge Harris's decision on December 29, 2006, which was denied by Washington State Court of Appeals, Division Two, affirming the Superior Court. (Def. Memo, Ex. 40)

ORDER - 2

On February 9, 2007, Plaintiffs filed a housing discrimination complaint asserting the allegations brought in the Superior Court action. On June 14, 2007, the United States Department of Housing and Urban Development issued its Determination of No Reasonable Cause, which dismissed Plaintiffs' allegations. (Ex. 43)

Following the dismissal by HUD, Plaintiffs filed bar complaints against Defense Counsel Albert Schlotfeldt in both Washington and Oregon. These complaints were dismissed by both Bar Associations.

Plaintiffs then brought this case in the Western District of Washington.

Pyramid and Mark Bush, President of Pyramid Homes, now move for dismissal and sanctions pursuant to Fed. R. Civ. P. 11(b), and Plaintiffs have filed their opposition.

**DISCUSSION AND CONCLUSION**

Defendants Pyramid and Bush (hereafter "Pyramid") move for dismissal based on the doctrines of res judicata and collateral estoppel, and they also seek sanctions under Rule 11(b).

Res judicata bars the litigation of an action where it has concurrence of identity with a prior judgment in "(1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made." *Civil Serv. Comm'n of City of Kelso v. City of Kelso*, 137 Wn.2d 166, 171 (1999). "Two causes of action are identical for purposes of res judicata if (1) prosecution of the later action would impair the rights established in the earlier action, (2) the evidence in both actions is substantially the same, (3) infringement of the same right is alleged in both actions, and (4) the actions arise out of the same nucleus of facts." *Id.*

Pyramid argues that the res judicata elements have been satisfied in its favor as (1) the subject matter and causes of action are identical to the prior lawsuit: Plaintiffs allege discrimination under Washington and Federal law as a result of the failed real estate transaction; (2) the parties are the same aside from "the improper naming of Bush [President of Pyramid] in his personal capacity"; and (3) the quality of the persons has not changed as the parties are identical and in their identical roles.

ORDER - 3

The doctrine of collateral estoppel operates only as to issues that were actually litigated and determined in the prior lawsuit, and there are four elements: "(1) the issue decided in the prior adjudication must be identical with the one presented in the second; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the plea of collateral estoppel is asserted must have been a party or in privity with a party to the prior litigation; and (4) application of the doctrine must not work an injustice." *State v. Williams*, 132 Wn.2d 248, 254 (1997). Collateral estoppel prevents a re-litigation of a particular issue in a later proceeding involving the same parties, even though the later proceeding involves a different claim or cause of action. *King v. Seattle*, 84 Wn.2d 239 (1974).

Pyramid argues that it has met the elements for collateral estoppel: (1) the issue is identical: whether Pyramid discriminated against Plaintiffs pursuant to Washington and Federal law, which Clark County Superior Court Judge Robert Harris decided in the negative in Granting Pyramid summary judgment; (2) the issue was actually litigated as evidenced by Judge Harris' grant of summary judgment in favor of Pyramid; (3) the parties are identical (except for improperly naming Mark Bush, President of Pyramid Homes, in his personal capacity; and (4) application of collateral estoppel will not work an injustice, as Plaintiffs have had a full and fair opportunity to be heard on the matter, as evidenced by the Washington State Division Two Court of Appeals affirming the Superior Court decision.

The Court has carefully examined and compared the claims brought in the Clark County Superior Court with those brought in this court. While the underlying facts asserted remain essentially the same, the causes of action vary in the Superior Court, the United States District Court, and the U.S. Department of Housing and Urban Development (HUD). Plaintiffs complained in the Clark County case that Pyramid falsely asserted that the property was sold and also complained that they were denied purchase of the subject property because Plaintiff John Harper is a builder. These contentions are also made in Counts I, II, III, IV, and V of the Complaint in this

ORDER - 4

Court.  Similar allegations are made in the steering and negligence claims of Counts VI and VII.  On removal to the Oregon District Court, Plaintiffs attempted to file a "Second Amended Complaint, which alleged among other things, national origin discrimination. (Def. Memo. Ex. 32 and 33)  This complaint was stricken, however, by the District Court.  (Ex, 35) A complaint of national origin discrimination was brought before the U.S. Department of Housing and Urban Development (Ex. 41), to which Pyramid responded, summarizing the litigation history between the parties and providing data demonstrating the number of homes sold by Pyramid to people of Russian background.  (Ex. 42)   On June 14, 2007, HUD concluded that there was no reasonable cause to believe that a discriminatory housing practice had occurred.  (Ex. 43)  Plaintiffs were advised of the right to file a lawsuit within two years of the discriminatory act.  *Id.*

The record reflects that the claims brought in this Court have already been litigated and are barred by the doctrine of res judicata, as the subject matter and causes of action are identical in both the Clark County case and in the case before HUD.  The parties and the quality of the parties are the same, as well, Mark Bush being the President of Pyramid Homes Incorporated.   The claims are also barred by the doctrine of collateral estoppel, as the issues are the same whether framed pursuant to Federal or State law; the issues were actually litigated and were essential to a final decision on the merits (Pyramid's motion for summary judgment granted in Superior Court; HUD's determination of no discriminatory housing practice); the identities of the parties are identical even with the addition of Mark Bush as President of Pyramid; and application of the doctrine will not work an injustice, as Plaintiffs have had a full and fair opportunity to be heard in this matter as demonstrated by the record in this case and the affirmation of the Superior Court decision by the Washington State Division Two Court of Appeals.  Plaintiffs' arguments to the contrary are not persuasive.

The record in this case also reveals a dogged persistence in pursuing claims found to lack merit as well as filing extraneous motions that increase costs and needlessly protract the litigation.  Indeed, Plaintiff John Harper stated at a hearing on the summary judgment motion before the Clark

ORDER - 5

County Superior Court that "I have enough evidence, and I will just keep going. I will not stop." Sanctions for violations of Fed. R. Civ. P. 11 are in order. Accordingly, Plaintiffs will be required to pay all reasonable attorney's fees and costs associated with this action. The Court will also award sanctions against the Plaintiffs in the amount of $2,000.00.

Prior to Pyramid filing its motion to dismiss, Plaintiffs move pursuant to Fed. R. Civ. P. 26(f) for a "conference of the parties in open court to eliminate the risk of subsequent dispute about what was said and what ruling were made." [sic] (Dkt. # 17)   There being no reason for such a conference, this motion will be denied. On July 3, 2008, Plaintiffs filed a second motion for Recorded Conference of the Parties [Dkt. # 23]. In view of this Court's decision on Defendants' Motion to Dismiss, this second motion for a recorded conference is also denied.

NOW, THEREFORE, IT IS ORDERED:

1. "Plaintiffs' Motion for Recorded Conference of the Parties FRCP 26(f)" [Dkt # 17] and "Plaintiffs' Second Motion for Recorded Conference of the Parties" [Dkt. # 23] are DENIED;

2. Defendants' Motion to Dismiss and for Sanctions Pursuant to FRCP 11(b) [Dkt. # 18] is GRANTED, and this cause of action is DISMISSED;

3. Defendants' request for reasonable attorney's fees and costs is GRANTED and Defendants' request for sanctions is GRANTED in the amount of $5,000.00.

DATED this 10th day of July, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 6